UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEWEY JOE DUFF, | ) | 1:12-cv-00110-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| | ) | |
| vs. | ) | |
| | ) | |
| EDMUND G. BROWN, et al., | ) | (Doc. 6) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Dewey Joe Duff ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On January 25, 2012, Plaintiff filed this action at this Court. (Doc. 1.) On January 27, 2012, the case was transferred to the United States District Court for the Northern District of California for lack of venue. (Doc. 3.) On March 1, 2012, Plaintiff filed objections to the Court's order transferring the case. (Doc. 6.) The Court treats Plaintiff's objections as a motion for reconsideration of the Court's order.

**I.   MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).

1  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The Court has reviewed Plaintiff's objections.  Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

**II. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on March 1, 2012, is DENIED.


IT IS SO ORDERED.

Dated: **March 2, 2012**          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE