1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                                   EASTERN DISTRICT OF CALIFORNIA

10

11   DEWEY JOE DUFF,                          )          1:12-cv-00110-GSA-PC
                                              )
12          Plaintiff,                        )          ORDER DENYING MOTION FOR
                                              )          RECONSIDERATION
13      vs.                                   )
                                              )
14   EDMUND G. BROWN, et al.,                 )          (Doc. 6)
                                              )
15                                            )
            Defendants.                       )
16   _____)

17          Dewey Joe Duff ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant

18   to 42 U.S.C. § 1983.  On January 25, 2012, Plaintiff filed this action at this Court.  (Doc. 1.)  On January

19   27, 2012, the case was transferred to the United States District Court for the Northern District of

20   California for lack of venue.  (Doc. 3.)  On March 1, 2012, Plaintiff filed objections to the Court's order

21   transferring the case.  (Doc. 6.)  The Court treats Plaintiff's objections as a motion for reconsideration

22   of the Court's order.

23   **I.      MOTION FOR RECONSIDERATION**

24          Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.

25   Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be

26   utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th

27   Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both

28   injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).

In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The Court has reviewed Plaintiff's objections.  Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

## II.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on March 1, 2012, is DENIED.


IT IS SO ORDERED.

**Dated:   March 2, 2012**          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE